IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Gokada Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 24-12377<br><br>Subchapter V<br><br>Re: D.I. 4 |

**FINAL ORDER (I) AUTHORIZING
CONTINUED USE OF ITS BANK ACCOUNT; (II) WAIVING CERTAIN UNITED
STATES TRUSTEE REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Upon the Debtor's [1] motion ("**Motion**") for the entry of interim and final orders (i) authorizing the Debtor to continue to use its prepetition bank account and (ii) waiving certain bank account and related requirement of the Office of the U.S. Trustee, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having authority to enter a final order in this matter consistent with Article III of the United States Constitution; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper before this Court under 28 U.S.C. §§ 1498 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis ("Hearing"); and upon the Oni Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Motion to be necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003; and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4

that the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation and, sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The Motion is granted on an final basis as set forth herein.

2. The Debtor is authorized and directed to continue usage of its prepetition bank account at Silicon Valley Bank for all purposes of the Debtor in its capacity as a debtor-in-possession, provided, however, that no checks issued against the bank account at Silicon Valley Bank prior to the commencement of this Chapter 11 Case shall be honored, except as otherwise authorized by an order of this Court and directed by the Debtor.

3. The Debtor shall, as soon as possible, (i) contact Silicon Valley Bank, (ii) provide Silicon Valley Bank with the Debtor's employer identification number and (iii) identify the bank account as being held by a debtor in possession in a Chapter 11 Case and direct Silicon Valley Bank to code the bank account as such.

4. The Debtor is authorized to continue to use its existing Business Forms and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them. Once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtor or ITS agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Order.

5. The U.S. Trustee requirement that the Debtor close all existing bank accounts and open new DIP accounts is hereby waived. The Debtor's bank account is deemed to be a DIP

4913-3324-6977, v. 1

account.

6. If the Debtor opens or closes any bank account, the Debtor shall provide notice within seven (7) days to the U.S. Trustee and the Subchapter V trustee. Any new bank account opened by the Debtor shall be established at a bank that has executed a UDA, or at such bank that is willing to immediately execute such agreement

7. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order

**Dated: December 13th, 2024**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

6

4913-3324-6977, v. 1